IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OCTAVIANO HUERTA, *et al.*, | § | |
| | § | |
| Petitioners, | § | |
| v. | § | CIVIL ACTION H-09-3229 |
| | § | |
| HILLARY CLINTON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

MEMORANDUM AND ORDER OF DISMISSAL

Petitioners Octaviano Huerta, Marina Huerta, and Gustavo Huerta have filed, through counsel, a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the denial of their applications to adjust status. (Docket Entry No.1). Respondents seek dismissal of the habeas petition on jurisdictional grounds and, alternatively, on the merits. (Docket Entry No.6). Petitioners have filed a response to Respondents' motion. (Docket Entry No.8). For the reasons to follow, the Court will grant Respondents' motion and dismiss this habeas action.

BACKGROUND

Petitioners report that Octaviano Huerta entered the United States in 1979, without inspection. (Docket Entry No.1). He married Marina on August 18, 1984. (<u>Id.</u>). Gustavo was born to the couple around 1987. (<u>Id.</u>). Marina and Gustavo entered the United States around 1990, without inspection. (<u>Id.</u>). Octaviano applied for lawful permanent residence in May 2002, and the United States Citizenship and Immigration Services ("USCIS") accorded him lawful

permanent residence under section 104 of the Legal Immigration Family Equity Act on January 28, 2005. (Id.). On March 14, 2007, Octaviano, Marina, and Gustavo filed with the Department of Homeland Security a Form I-485, i.e., an Application to Register Permanent Residence or Adjust Status, pursuant to an approved Form I-140, i.e., Immigrant Petition for Alien Worker, on behalf of Octaviano. (Id.). Marina and Gustavo's applications were derivative of Octaviano's application and could only be granted if his application was approved. (Id.).

During an interview at the Houston USCIS office on August 30, 2007, the adjudicating officer handling their applications noted that Octaviano had already been granted lawful permanent residence status and advised him that he was ineligible to re-adjust his status, regardless of whether it was in a different category. (Id.). Octaviano attempted to renounce his status so that his new application could be granted and his wife and child could adjust their status as derivatives under an employment-based visa. (Id.). The USCIS postponed a decision on the current Form I-485 at Octaviano's request.

On November 5, 2008, Respondent Sandra M. Heathman, District Director of USCIS in Houston, Texas, denied Petitioners' applications for adjustment of status. (Id.). Heathman indicated in such denial that Octaviano was precluded from re-adjusting his status because his residence was not threatened and there was no

visa immediately available. (Id.). On March 2, 2009, Marina and Gustavo were served with Notices to Appear, which indicated that they had been placed in removal proceedings. (Id.). Their cases are currently pending in an immigration court in Houston.

Petitioners seek review of the denial of their applications for adjustment of status. (Id.). Because they believe that the denial of their applications for adjustment of status was based on an error of law, they urge the Court to issue a declaratory judgment declaring the same and a declaratory judgment that Octaviano was eligible to readjust his status. (Id.). They also seek injunctive relief. (Id.).

Respondents move to dismiss the petition on grounds that this Court lacks jurisdiction to review the final agency decision denying Petitioners' applications to adjust their status and alternatively, that controlling precedent does not entitle Petitioner Octaviano Huerta to reacquire permanent residence under 8 U.S.C. § 1255 for the purpose of allowing family members to immigrate as derivative beneficiaries. (Docket Entry No.6). In response, Petitioners contend they are not seeking review of a discretionary denial but review of the legal conclusion that Octaviano Huerta was ineligible to readjust his permanent residence status under an employment-based visa. (Docket Entry No.8).

<u>DISCUSSION</u>

Respondents move to dismiss the pending petition for want of

jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6); they also move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Docket Entry No.6).  Because the Court finds that it lacks jurisdiction to consider this action, the Court will only address Respondents' Rule 12(b)(1) motion.

When reviewing a motion to dismiss under Rule 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts.  Williams v. Wynne, 533 F.3d 360, 365 n. 2 (5th Cir. 2008).  A motion to dismiss under Rule 12(b)(1) should not be granted "unless it appears certain that the plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief."  Saraw Partnership v. United States, 67 F.3d 567, 569 (5th Cir. 1995). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper.  Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002).

The adjustment of status of the type sought by Petitioners in their I-485 Applications is governed by 8 U.S.C. § 1255.  Under this statute, the status of an alien "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe," provided that "(1) the alien makes an

4

application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255. The statute plainly provides that adjustments of status under § 1255 are discretionary.

Judicial review of a denial of discretionary relief regarding adjustments of status or the denial of any other discretionary decision by immigration officials acting under the Attorney General's authority is governed by 8 U.S.C. § 1252(a), which provides the following jurisdictional restriction:

(2) Matters not subject to judicial review

(B) Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—

(i) any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or 1255 of this title, or

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief [in asylum cases] under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). Discretionary denials of applications

for adjustment of status under 8 U.S.C. § 1255 are expressly included within the jurisdiction-stripping provision found in § 1252(a)(2)(B)(i). *See* Ayanbadejo v. Chertoff, 517 F.3d 273, 276-77 (5th Cir. 2008); Zhao v. Gonzales, 404 F.3d 295 (5th Cir. 2005). Because decisions about adjustments of status are discretionary, it follows that Petitioners cannot invoke judicial proceedings to compel a favorable result. *See* Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006) (citing Zheng v. Gonzales, 422 F.3d 98, 111 (3d Cir. 2005) (noting that "[Section 1252(a)(2)(B)(i)] plainly forecloses review of the Attorney General's exercise of discretion in granting adjustment of status in individual cases") (other citations omitted)). To the extent that Petitioners ask this Court to review a decision made by Respondents in connection with Petitioners' I-485 applications, this Court lacks subject matter jurisdiction to do so. *See* Hadwani, 445 F.3d at 800.

Petitioners' reliance on the Administrative Procedure Act, the Declaratory Judgment Act, the Federal Question Statute, the Little Tucker Act, or any other provision of federal law to restore the Court's subject-matter jurisdiction is misplaced. Section 1252 expressly precludes judicial review notwithstanding section 2241 of Title 28, sections 1361 and 1651 of Title 8, or *any other provision of law* whether statutory or nonstatutory. 8 U.S.C. § 1252(2)(B) (emphasis added).

Petitioners, however, contend that they are not asking the

6

court to review a discretionary denial, but to review the USCIS's legal conclusion that Octaviano Huerta was ineligible to readjust under his employment-based visa.   (Docket Entry No.8).   Section 1252 does not vest a federal district court with jurisdiction to review such legal issues.   Section 1252(a)(2)(D) provides for judicial review of certain legal claims as follows:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate *court of appeals* in accordance with this section.

8 U.S.C.§1252(a)(2)(D) (emphasis added); *see* Alvarado de Rodriguez v. Holder, 585 F.3d 227, 234 (5th Cir. 2009).

Federal courts are courts of limited jurisdiction; therefore, it is incumbent upon the Court to dismiss an action "whenever it appears that jurisdiction may be lacking." Stockman v. Federal Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998).   Because the noted provisions of 8 U.S.C. § 1252 clearly deprive this Court of jurisdiction over the issues in this case, the pending action is subject to dismissal pursuant to Rule 12(b)(1).

CONCLUSION

For the foregoing reasons, it is

ORDERED that Petitioners Octaviano Huerta, Marina Huerta, and Gustavo Huerta's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (Document No.1) is DISMISSED

7

without prejudice for want of jurisdiction.  All pending motions,
if any, are DENIED.

The Clerk will enter this Order and provide a correct copy to
all counsel of record.

SIGNED at Houston, Texas, on this 17TH day of February, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE